O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALI ALI, | ) | Case No. CV 12-03080 DDP (Ex) |
| | ) | |
| Plaintiff, | ) | **ORDER REMANDING CASE TO STATE** |
| | ) | **COURT** |
| v. | ) | |
| | ) | [Docket No. 8] |
| J.P. MORGAN CHASE, | ) | |
| | ) | |
| Defendant. | ) | |

    Plaintiff Ali Ali initially filed his Complaint against
Defendant J.P. Morgan Chase in California state court, on March 1,
2012.  Plaintiff's Complaint brings various state law claims,
stemming from Defendant's alleged failure to consider him for a
home mortgage modification.  Defendant removed the action to this
court on April 9, 2012, on the basis of diversity jurisdiction.
Defendant has since filed a Motion to Dismiss the Complaint.

    In a case that has been removed to federal court based on
diversity jurisdiction, the proponent of jurisdiction "has the
burden to prove, by a preponderance of evidence, that removal is
proper."  Geographic Expeditions, Inc. v. Estate of Lhotka ex rel.
Lhotka, 599 F.3d 1102, 1106-07 (9th Cir. 2010).  There is a "strong

1 presumption against removal jurisdiction," and federal jurisdiction
2 "must be rejected if there is any doubt as to the right of removal
3 in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566
4 (9th Cir. 1992) (internal quotation marks omitted).

5 For diversity jurisdiction, the amount in controversy must
6 exceed "the sum or value of $75,000, exclusive of interest and
7 costs." 28 U.S.C. § 1332(a)(1). Typically, the "test for
8 determining the amount in controversy is the pecuniary result to
9 either party which the judgment would directly produce." In re
10 Ford Motor Co./Citibank (S.D.), N.A., 264 F.3d 952, 958 (9th Cir.
11 2001). Thus, "where the value of a plaintiff's potential recovery
12 . . . is below the jurisdictional amount, but the potential cost to
13 the defendant of complying with the injunction exceeds that amount,
14 it is the latter that represents the amount in controversy for
15 jurisdictional purposes." Id. In conducting this analysis, the
16 court may first consider whether the jurisdictional amount is
17 facially apparent from the complaint. See Abrego Abrego v. The Dow
18 Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006). If the amount is not
19 apparent, the court may then consider facts in the removal petition
20 or require submission of additional evidence.

21 Here, Plaintiff's Complaint seeks total monetary damages "in
22 an amount according to proof at trial, but not less than $25,000,"
23 as well as an order that Defendant "be enjoined from selling the
24 Subject Property during the pendency of this action." (Compl. at
25 7.) Accordingly, it is not clear on the face of the Complaint that
26 the amount in controversy is $75,000 or more. Defendant alleges in
27 its Notice of Removal, however, that Plaintiff's original loan on
28 the Property was for $382,000. (Notice of Removal ¶ 11.)

1   Defendant asserts that this property-value indicator "can be taken
2   into consideration in determining the amount in controversy,"
3   because "Plaintiff seeks an order enjoining the foreclosure sale."
4   (Id.)  The court disagrees.

5       At least two courts in this Circuit have held that neither the
6   amount of the loan at issue, nor the amount of any default, is a
7   relevant measure of damages, where plaintiffs seeks only to
8   temporarily enjoin a foreclosure sale, and do not "contest the
9   amount of the loan, the fact of their default, or the amount that
10  they currently owe." Cross v. Home Loan Mortgage Corp., No. CV
11  11-04728, 2011 WL 2784417, at *2-3 (C.D. Cal. July 15, 2011); see
12  also Cheng v. Wells Fargo Bank, N.A., No. SACV10-1764, 2010 WL
13  4923045, at *2 (C.D. Cal. Dec. 2, 2010). As one of the courts
14  explained, a judgment for plaintiffs in such a case "would delay -
15  not preclude - any foreclosure sale." Cross, 2011 WL 2784417, at
16  *3.  And absent any evidence to the contrary, "[t]he cost of delay
17  is similar to the costs at issue in unlawful detainer actions -
18  cases that this Court routinely remands to state court because the
19  amount in controversy, i.e., the rental value of the properties at
20  issue, is substantially less than the jurisdictional minimum." Id.

21      The court agrees with this analysis. Here, Plaintiff's claims
22  are based entirely on his allegation that Defendant acted
23  unlawfully in failing to consider him for a loan modification.
24  Plaintiff does not in any way challenge the loan or the amount that
25  he owes. In fact, Plaintiff expressly alleges that at "all
26  relevant times, [he] has remained on time with his monthly
27  payments." (Compl. ¶ 13.) Under these circumstances, it does not
28  appear that a foreclosure sale is forthcoming or that a temporary

1  injunction would even be necessary.  But again, assuming that such

2  an injunction is a potential remedy, there is no indication that a

3  mere delay of the foreclosure sale would satisfy the $75,000

4  jurisdictional amount.

5      Because Defendant fails to establish by a preponderance of

6  evidence that the amount in controversy requirement is met, the

7  court concludes that it lacks subject matter jurisdiction.  Removal

8  was therefore improper and the court hereby REMANDS the matter to

9  state court.  In addition, the Motion to Dismiss (DOCKET NUMBER 8)

10 is vacated.

11

12

13 IT IS SO ORDERED.

14

15

16 Dated: May 29, 2012

17                                  DEAN D. PREGERSON
                                    United States District Judge

18

19

20

21

22

23

24

25

26

27

28